UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RASHAD J. MANNING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-cv-875-SNLJ |
| CIDNEY YOUNG, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rashad J. Manning, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement containing limited information about his account. The Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Any claim that plaintiff is unable to pay this amount must be supported by an updated copy of plaintiff's account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center.[1] He brings this case pursuant to 42 U.S.C. § 1983 against corrections officers Cidney Young, Unknown Ross, and Unknown Girham, and Major Reed and Lieutenant Reed. He states that he sues Ross and Girham in an official capacity. He does not specify the capacity in which he sues the other defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity

---

[1] Review of Missouri Case.net shows that plaintiff is presently awaiting trial on two charges of statutory rape, and one charge of sodomy or attempted sodomy. *State v. Rashad Manning*, No. 17SL-CR-4124-01 (21st Jud. Cir. 2017).

claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). The Court will therefore construe the complaint as brought against Young, Major Reed, and Lieutenant Reed in their official capacities.

Briefly, plaintiff alleges that Girham repeatedly placed his life in danger by exposing his criminal charges to other inmates, and by calling him names such as child molester, rat, snitch, and rapist. As a result, plaintiff was in multiple fights, and was assaulted by other inmates. Ross insulted plaintiff and asked him whether he told anyone that he liked little girls.

On the same day he filed the instant complaint, plaintiff filed another civil rights complaint against the same defendants named in the instant complaint, and also against the St. Louis County Department of Justice Services. *Manning v. St. Louis County Department of Justice Services, et al.*, No. 4:18-cv-874-SNLJ (E.D. Mo. Jun. 4, 2018) (hereafter *"Manning I."*). In *Manning I*, plaintiff claims, *inter alia*, that Girham and Ross placed his life in danger by exposing his criminal charges to other inmates, and by calling him a child molester and other names. Plaintiff claims this caused him to be assaulted by other inmates. As of the date of this Memorandum and Order, *Manning I* remains pending.

**Discussion**

The complaint will be dismissed, without prejudice. First, the allegations in the complaint fail to state claims for relief against any of the defendants in their official capacities. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). In addition, plaintiff wholly fails to state a claim for relief against Young, Lieutenant Reed and Major Reed because he merely lists their names as defendants without alleging they engaged in any wrongdoing. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for

his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Finally, the instant action is duplicative of *Manning I*. In *Manning I,* plaintiff named all of these same individuals as defendants, and his allegations against Girham and Ross are nearly identical to those he sets forth here. All of the issues plaintiff seeks to raise here can be addressed in *Manning I*. Therefore, this action is subject to dismissal as duplicative of that pending action. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party.").

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE